<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARY ELIZABETH MEEK, | **Civil Action No. 19-19916 (SRC)** |
| Plaintiff, |  |
|  | **OPINION** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Mary Elizabeth Meek ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning August 15, 2014. A hearing was held before ALJ John Campbell (the "ALJ") on June 13, 2018, and the ALJ issued an unfavorable decision on August 13, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of August 13, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform medium work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ failed to make any determination at Step Two regarding Plaintiff's back pain, and subsequently failed to include any limitations for that pain in the formulation of the residual functional capacity ("RFC"); and 2) at step four, the ALJ failed to address Plaintiff's limitations in walking.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff contends that the ALJ failed to make any determination at Step Two regarding Plaintiff's back pain, and subsequently failed to include any limitations for that pain in the formulation of the RFC.  As to Plaintiff's argument that the ALJ erred at step two, even if Plaintiff is correct, this cannot be more than harmless error.  It is possible that, under Third Circuit law, the ALJ's step two determination is in error.  The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims."  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003).  The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."  SSR 85-28, 1985 SSR LEXIS 19 at *6-8.  Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.")   In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow."   McCrea, 370 F.3d at 357.

This Court agrees with Plaintiff that, under the *de minimis* standard set forth in Third Circuit law, the ALJ may have erred in finding Plaintiff's back pain not to be a severe impairment.   The key question is, however, whether, pursuant to Shinseki, Plaintiff has demonstrated that she was harmed by this error, and this Court finds that she has not done so.   At step two, the ALJ found three severe impairments.   Had the total count been four, instead of three, it would not have made any difference to the outcome.   This Court finds no prejudice to Plaintiff in any error at step two.   Plaintiff has failed to persuade this Court that any potential errors at step two harmed her.   As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

As to Plaintiff's point about the absence of a limitation related to back pain in the residual functional capacity determination, Plaintiff does not develop this argument.   Absent from the brief are an explanation of what specific limitation to the RFC would have been justified by what evidence of record.   Plaintiff's brief does point to two pieces of evidence, the opinion of chiropractor Dr. White, and Plaintiff's testimony that she has back pain.

As to the opinion of Dr. White, Plaintiff contends that the ALJ's statement, that Dr. White's opinion was not supported by objective clinical examinations, is incorrect.   What

4

follows is the ALJ's discussion of Dr. White's opinion in its entirety:

> It is noted that one of the claimant's treating sources, Scott White (his profession is unclear, but he appears to be a chiropractor based on the treatment he provided), indicated in an August 2015 medical source statement (Ex. 8F) that the claimant experienced such serious low back pain and associated symptoms that she would have been incapable even of sedentary work. The medical record does not include chiropractic records, imaging studies, or objective clinical examinations which suggest the presence of a severe or medically determinable low back or spine impairment; the claimant underwent numerous neurological exams, none of which noted low back pain or associated deficits. This opinion, in short, is not supported by the medical evidence and is given little weight.

(Tr. 22.)   Plaintiff argues that the record *does* include objective clinical examinations: "Dr. White noted positive Faber's, Hibbs', and Lasegue's tests, severe postural distortions, decreased range of lumbosacral motion, and taut and tender lumbar paraspinal musculature."   (Pl.'s Br. 16.)   The Commissioner, in opposition, disputes the characterization of each of these pieces of evidence as objective, save for one: the Commissioner concedes that "decreased range of motion" is an objective finding.   Yet there is a further element to the ALJ's statement that Plaintiff has overlooked: the ALJ stated that there were no objective clinical examinations that "suggest the presence of a severe or medically determinable low back or spine impairment." (Tr. 22.)   Plaintiff does not address this element in either of her briefs.   Thus, even though the Commissioner has conceded that there was, in fact, at least one objective clinical finding, Plaintiff has not established that the ALJ's statement was incorrect.

Furthermore, <u>Shinseki</u> teaches that Plaintiff must not only show an error, but demonstrate that she was harmed by the error, which she has not even attempted to demonstrate.   As the paragraph just quoted shows, the ALJ stated a number of reasons for the opinion to be given little weight.   The absence of objective clinical examinations was only one of several reasons given.   Plaintiff has not disputed the correctness of any of the other reasons.   The Court notes that one

5

of the other reasons is particularly persuasive: numerous neurological exams showed no evidence of back pain.  Consider the following evidence.  Dr. White's statement bears the date of August 17, 2015.  (Tr. 518.)  As one example of the neurological examinations cited by the ALJ, the record contains a report from neurologist Dr. Schneider, dated July 12, 2015, in which Dr. Schneider states that he spent 90 minutes examining Plaintiff.  (Tr. 490.)  As the ALJ reported, this report shows no evidence of back pain, and yet it resulted from a 90-minute examination just about a month before Dr. White reported that Plaintiff experienced extreme back pain and difficulty walking and standing.  (Tr. 516.)  One month later, in September of 2015, the ALJ stated, Dr. Merlin examined Plaintiff, and reported nothing about back pain or difficulty walking or standing.  (Tr. 525.)  This Court concludes that, even if there was some factual error in the ALJ's statement about the basis for Dr. White's opinion, Plaintiff has not demonstrated that she was harmed by it.  The ALJ's decision to give little weight to the opinion of Dr. White is supported by substantial evidence.

Plaintiff argues that "there is more than ample evidence of the claimant's physical conditions and limitations to support the opinion of Dr. White."  (Pl.'s Br. 17.)  The Court need not evaluate this assertion because it fails to recognize the fundamental principle of substantial evidence review.  This Court is authorized only to review the decision under the substantial evidence standard.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).  The fact that contrary evidence may be found in the record does not, by itself, preclude finding that an element of the Commissioner's determination is supported by substantial evidence.  The evidence in disability cases is rarely entirely in agreement, and it

is the job of the ALJ to weigh the evidence and make determinations. This Court then reviews the determinations under the substantial evidence standard. The fact that the evidence of record is not unanimous, and that the record contains evidence which weighs against what the ALJ found, does not demonstrate that the ALJ erred.

Plaintiff also points to her own subjective reports of back pain. The ALJ considered Plaintiff's subjective reports, but concluded that the evidence of record did not fully support the limiting effects of her impairments. (Tr. 18.) The ALJ explained the reasons for this determination, and Plaintiff has not disputed them. Furthermore, the ALJ's analysis is consistent with the requirements of Social Security Ruling 16-3p, 2016 SSR LEXIS 4, which states, in relevant part:

> An individual's symptoms, such as pain, fatigue, shortness of breath, weakness, nervousness, or periods of poor concentration will not be found to affect the ability to perform work-related activities for an adult or to function independently, appropriately, and effectively in an age-appropriate manner for a child with a title XVI disability claim unless medical signs or laboratory findings show a medically determinable impairment is present. Signs are anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques that can be observed apart from an individual's symptoms. Laboratory findings are anatomical, physiological, or psychological phenomena, which can be shown by the use of medically acceptable laboratory diagnostic techniques. We call the medical evidence that provides signs or laboratory findings objective medical evidence. We must have objective medical evidence from an acceptable medical source to establish the existence of a medically determinable impairment that could reasonably be expected to produce an individual's alleged symptoms.

Plaintiff has not persuaded this Court that the ALJ's analysis of her subjective complaints of back pain was not in compliance with SSR 16-3p.

Plaintiff argues that there was "more than enough" evidence of record to have supported further limitations to her ability to reach and lift in the RFC, but, in support, cites only the two

7

pieces of evidence just discussed.  (Pl.'s Br. 17.)   For the reasons already discussed, the ALJ properly discounted those two pieces of evidence.   The Court finds that Plaintiff has not demonstrated that any error harmed her, and concludes that the RFC is supported by substantial evidence.

Plaintiff next argues: "The ALJ failed to consider the exertional limitations of sitting, standing, walking, lifting, and carrying, despite voluminous medical evidence demonstrating Plaintiff's propensity for falling and injury due to falls."  (Pl.'s Br. 18.)   The section of the brief that follows, however, only points to evidence regarding limitation to the ability to walk: "the ALJ erred when he failed to account for the Plaintiff's limitations in walking."  (Pl.'s Br. 19.) Plaintiff then points to the evidence of balance problems.

The ALJ discussed the question of walking difficulties, falling, and balance problems at several points on pages 17 through 19, with substantial discussions of the evidence on both pages 18 and 19.   Plaintiff's contention that the ALJ failed to consider limitations to the ability to walk is not supported by the decision.   The decision shows a detailed assessment of the relevant evidence.   The ALJ appears to have been persuaded that no limitation was warranted by a few things: 1) repeated evaluations by physicians of Plaintiff's walking showed no difficulty; 2) Plaintiff did not use any assistive device for walking; and 3) Plaintiff reported that she walked as much as three miles on a daily basis.   The absence of a limitation to the RFC based on problems with walking is supported by substantial evidence.

Furthermore, Plaintiff argues that the ALJ substituted his lay opinion for that of the doctors, but mischaracterizes the ALJ's findings, contending that "the ALJ fails to find [Plaintiff's falls] credible because the ALJ cannot determine their etiology."  (Pl.'s Br. 19.)   In

8

fact, the ALJ stated that repeated neurological evaluations had failed to determine the etiology of Plaintiff's falling. (Tr. 18.) Plaintiff does not dispute this. The ALJ simply reported a fact about the findings of repeated medical evaluations and did not rely on his own lay opinion. Moreover, the ALJ concluded that the evidence of record did not support Plaintiff's claims about how frequently she fell. (Tr. 18.) At the hearing, Plaintiff testified that, in one year, she fell 200 to 250 times. (Tr. 41.) The ALJ discussed the evidence of record and concluded that it did not support Plaintiff's claim about that frequency. Despite Plaintiff's argument of error, Plaintiff's brief disputed the factual basis of none of these findings. The Court finds no error here.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

        s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: July 1, 2020

9